# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STANDARD INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-01565-PX |
| MARIO DUNN, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Standard Insurance Co.'s ("Standard's") petition for attorneys' fees and costs. ECF. No 21. Defendants Mario Dunn and Pelestina Dunn (collectively "Defendants") have not responded, and the time for doing so has passed. *See* Loc. R. 105.2. The petition is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Standard's petition is granted.

**I.  Background**

Standard instituted this interpleader action and requested deposit the proceeds of a life insurance policy with the Court to avoid potential conflicting liability. ECF No. 1 ¶ 16. Standard had issued a life insurance policy to the Defendants' now-deceased insured, Swanda Dunn. Defendants are Dunn's children and equal beneficiaries of the $162,000 policy. *Id.* ¶¶ 6, 9. However, because Mario Dunn is charged with first-degree murder for allegedly killing Swanda Dunn, Standard grew concerned that Mario Dunn's portion the policy is forfeited under Maryland's "Slayer Statute." *Id.* ¶¶ 10–11. Mario Dunn's criminal case is still pending, and as of March 2019, he had been found incompetent to stand trial. *Id.* ¶ 10.

On May 29, 2019, Standard filed a motion seeking to deposit Mario Dunn's $81,000 share of the life insurance policy with the Court and asking for an award of "reasonable

attorneys' fees and costs incurred herein to be paid from the Proceeds." ECF No. 5 at 1–2. Following a telephone conference on November 27, 2019, *see* ECF No. 18, the Court granted Standard's motion, ECF No. 19. The Court specifically ordered that "Standard is authorized to deposit with the Clerk of the Court the $81,000 in the life insurance benefit . . . plus any interest" and also awarded "reasonable attorneys' fees and costs incurred herein, to be deducted from the Proceeds prior to deposit." *Id.* at 1–2.

Standard then deposited a check with the Clerk of Court for $76,954.40, which reflected $81,000 plus interest of $3,947.46, less Standard's attorneys' fees and costs of $7,993.06. ECF No. 21 at 1. Soon thereafter, the Clerk notified the Court that it was unable to retain these funds because they were an amount other than the $81,000 specified in the Court's Order. The Court thereafter ordered Standard to file a petition demonstrating the reasonableness of its attorneys' fees. ECF No. 20 at 1.

The Court has received Standard's petition and the appropriate documentation, ECF No. 21. For the following reasons, the petition is granted.

**II.     Standard of Review**

Although 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure make no mention of awarding costs and attorneys' fees, courts frequently grant such motions to encourage interpleader actions and thus avoid the cost of multiple lawsuits. *See, e.g.*, *Powell Valley Bankshares Inc. v. Wynn*, No. 01-79, 2002 WL 728348, at *1 (W.D. Va. Apr. 11, 2002). The Court retains broad discretion to award the stakeholder its costs, including reasonable attorneys' fees, out of the deposited fund. *See Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) ("Because the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court, courts find that the

stakeholder attorney's fees are justified." (internal citations and quotation marks omitted)). "Typically [costs and attorneys' fees] are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 2001); *see also Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F. Supp. 2d 714, 722 (D. Md. 2009); *ReliaStar Life Ins. Co. of N.Y. v. LeMone*, No. 7:05CV00545, 2006 WL 733968, at *2–3 (W.D. Va. Mar. 16, 2006) (discussing when stakeholder may recover attorneys' fees); *Safemasters Co. v. D'Annunzio & Circosta*, No. K-93-3883, 1994 WL 512140, at *5 (D. Md. July 18, 1994); *Aetna Life Ins. Co. v. Outlaw*, 411 F. Supp. 824, 825–26 (D. Md. 1976) (noting that only impartial stakeholders may recover attorneys' fees).

The award must be both equitable and modest. "By its very nature [an interpleader fee] is of a relatively small amount simply to compensate for initiating the proceedings." *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962); *Sun Life Assurance Co. v. Tinsley*, No. 6:06-CV-00010, 2007 WL 1388196, at *2 (W.D. Va. May 9, 2007), *report and recommendation adopted sub nom.*, *Sun Life Assur. Co. Canada v. Tinsley*, No. 6:06-CV-00010, 2007 WL 1795728 (W.D. Va. June 19, 2007). This is in part because an interpleader action "does not usually involve any great amount of skill, labor or responsibility." *Lewis v. Atl. Research Corp.*, No. 98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug. 30, 1999) (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)). Thus, the stakeholder's recovery is properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder. *See, e.g.*, *ReliaStar Life Ins. Co. of N.Y. v. LeMone*, No. 7:05CV00545, 2006 WL 1133566, at *2 (W.D. Va. Apr. 25, 2006); Wright et al.

§ 1719; s*ee also Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1071 (S.D. Iowa 2014) ("Recoverable expenses are properly limited to the attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit.").

### III. Analysis

#### A. Attorneys' Fees

Standard requests $7,000 in legal fees, which represents a $5,000 flat fee for the work provided by the firm of Smith von Schleicher & Associates ("SVS") through attorneys Jacqueline Herring and Rachel Beattie, and paralegal Earl Egan, and a $2,000 flat fee for the work provided by the firm of Funk & Bolton, P.A. through attorney Scott Trager. ECF No. 21 at 1–2. ECF No. 21 at 2. The Court agrees that this award is appropriate.

As an initial matter, Standard is entitled to attorneys' fees in this case. Standard admits it is liable for the life insurance policy and is merely seeking to absolve itself of potential conflicting liability. In such circumstances, Standard is a mere stakeholder who is entitled to reasonable attorneys' fees. *Kissinger*, 89 F. Supp. 3d at 627.

Standard's requested fees are also reasonable. Standard argues that $7,000 represents a significantly discounted fee. Herring and Trager have each been attorneys for more than 20 years and bill at rates of $280 and $195, respectively. ECF No 21-1 ¶¶ 1, 6. Beattie has been a licensed attorney for 8 years and bills at a rate of $220. *Id.* Egan bills at $95 per hour. Each of these rates falls the Local Rules' prescribed ranges of reasonable fees. *See* Loc. R. App'x B (proving guidelines ranges of $300–475 for attorneys of more than 20 years, $165–300 for attorneys of 5 to 8 years, and $95–150 for paralegals).

In pursuing this case, Standard billed for what normally would have amounted to $12,457

4

in attorneys' fees, consisting of 58.3 billable hours (9.9 hours by Herring, 32.3 hours by Beattie, 10.6 hours by Trager, and 5.6 hours by Egan). ECF No. 21 ¶ 8; *see* ECF No. 21-1 at 24. Standard provides the following breakdown as to work performed:

- Case development, background investigation, and case administration: $3,179.70
- Pleadings: $3,898.86
- Motions practice: $5,417.00
- Attending court hearings: $955.00

ECF No. 21 at 5.

The discounted request is reasonable when considering the Standard's multiple attempts to serve Palestina Dunn before eventually seeking leave of court to serve her through alternative means of service. ECF No. 9 at 1. Standard also expended significant time on issues relevant to Mario Dunn's incarceration, ECF No. 21-1 at 7, 8, 13. The requested award, representing roughly 56% of fees actually incurred will be awarded.

### B. Costs

Standard also requests $993.06 in costs, consisting of the $400 filing fee, a $100 fee for admission of Herring and Beattie pro hac vice, and various costs associated with serving Defendants. ECF No. 21-1 at 25–26. These costs are reasonable as they were necessary to bring this action, especially considering that Defendants proved difficult to serve. The Court will award costs as requested.

### IV. Conclusion

For the foregoing reasons, the Court awards Standard attorneys' fees in the amount of $7,000 and costs in the amount of $993.06. The Court will also order the Clerk to accept Standard's funds as deposited earlier.

A separate Order follows.

 2/19/2020 /s/
Date Paula Xinis
United States District Judge